IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY HALTOM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:17-cv-2582-S |
| | § | |
| METROPOLITAN LLOYDS | § | |
| INSURANCE CO. OF TEXAS and | § | |
| PATRICK THOMAS, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Motion to Remand (ECF No. 12), filed by Plaintiff Jeremy Haltom. For the reasons stated, the Court recommends that the District Court grant Plaintiff's Motion and remand this case to the state court from which it was removed.

**Background**

This civil action arises out of the denial of an insurance claim for damages to Plaintiff's home in Sachse, Texas (the "Property"), allegedly caused by a storm on March 28, 2017. According to the Original Petition, which is the live pleading in this action, Plaintiff, a Texas citizen, purchased an insurance policy (the "Policy") covering the Property from Defendant Metropolitan Lloyds Insurance Company of Texas ("Metropolitan Lloyds"), an unincorporated insurance company whose underwriter members are citizens of the states of Florida,

Illinois, Rhode Island, and Wisconsin. Notice of Removal, 2 ¶ 2.1 (ECF No. 1). After the March 28, 2017 storm, Plaintiff submitted a claim to Metropolitan Lloyds for damages to the Property allegedly caused by wind and hail and requested that the insurance company cover the cost of repairs to the Property, including but not limited to, replacement of the roof. Pl.'s Pet. 3 ¶ 12 (ECF No. 1-1). Metropolitan Lloyds assigned Patrick Thomas ("Thomas"), a Texas citizen, to adjust and investigate Plaintiff's claim. *Id.* ¶ 13. Plaintiff alleges that Defendants wrongfully denied his claim and failed to provide full coverage under the Policy. *Id.* at 4 ¶ 16.

Plaintiff filed an Original Petition in the 116th Judicial District Court of Dallas County, Texas, on August 16, 2017, asserting claims against Metropolitan Lloyds and Thomas for violations of the Texas Insurance Code, breach of contract, and breach of the duty of good faith and fair dealing. On September 21, 2017, Metropolitan Lloyds removed this action to federal court based on diversity jurisdiction under 28 U.S.C. § 1332(a). Notice of Removal, 2-3 ¶ 2.1. (ECF No. 1). Metropolitan Lloyds contends that Thomas was improperly joined because the Original Petition fails to allege sufficient facts to state a claim against the adjuster, and therefore Thomas's Texas citizenship should be disregarded for purposes of determining whether complete diversity of citizenship exists. *See id.* at ¶¶ 2.2, 2.4, 2.5. Plaintiff has filed a Motion to Remand, arguing Thomas was properly joined as a defendant, and thus, there is not complete diversity. Mot. 3

¶ 4 (ECF No. 12). The issues have been fully briefed, and the Motion is ripe for determination.

## Legal Standards

I. <u>Federal Jurisdiction and Removal</u>

The jurisdiction of federal courts is limited. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). They possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Thus, a court "must presume" a suit lies outside its limited grant of jurisdiction, and the burden of establishing jurisdiction lies with the party seeking to invoke the federal forum. *Howery v. Allstate*, 243 F.3d 912, 916 (5th Cir. 2001). A defendant seeking to remove a case to federal court satisfies its burden by showing a basis for federal jurisdiction and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001).

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court an action filed in state court if the action could have originally been filed in the federal forum. However, courts strictly construe Section 1441 "because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997) (citing *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995)). "If at any time before final judgment

it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Title 28 U.S.C. § 1332 creates federal subject matter jurisdiction where complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1332(a), (b). "A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). To establish subject matter jurisdiction, "the party asserting federal jurisdiction must distinctly and affirmatively allege [ ] the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (citation and internal quotations omitted).

II.  Improper Joinder

A party alleging that a non-diverse defendant is improperly joined has the burden of demonstrating either: "(1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff *has not* stated a claim against a defendant that he properly alleges is nondiverse." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, Ltd., 818 F.3d 193, 199 (5th Cir. 2016) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)) (emphasis in original). The burden of persuasion on a party claiming improper joinder is a "heavy one." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005) (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)).

Where, as here, there is no allegation of actual fraud concerning the fact that both the plaintiff and a defendant are citizens of the same state, the sole concern is whether, as a matter of law, the plaintiff can establish a valid state-law cause of action against the non-diverse defendant. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). "To establish improper joinder under the second prong, the defendant must demonstrate 'that there is no possibility of recovery' against the in-state or non-diverse defendant, 'which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state [or non-diverse] defendant.'" *Alviar v. Lillard*, 854 F.3d 286, 289 (5th Cir. 2017) (quoting *Smallwood,* 385 F.3d at 573).

"Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573. "The burden on the removing party is to prove that the joinder of the in-state parties was improper—that is, to show that sham defendants were added to defeat jurisdiction." *Id.* at 575. If the Court finds a reasonable basis to predict that a plaintiff can potentially recover on any of the alleged causes of action, the Court must remand the entire case. *Gray v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004) ("[E]ven a single valid cause of action against [non-diverse] defendants . . . requires remand of the entire case to state court.").

"To determine whether an in-state or non-diverse defendant was properly joined, '[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the . . . defendant.'" *Alviar*, 854 F.3d at 289 (quoting *Smallwood*, 385 F.3d at 573). In performing this analysis, a court must consider the allegations in the state-court petition at the time of removal. *See id.* at 290, n.1. If, however, the plaintiff has "omitted discrete facts, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006).

III.     Rule 12(b)(6) Standard

The federal pleading standard, not a state pleading standard, applies to determine whether a non-diverse defendant has been improperly joined. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.,* 818 F.3d 193, 200-01 (5th Cir. 2016). The "12(b)(6)-type analysis . . . is shorthand for the federal pleading standard itself . . . promulgated by the Supreme Court in the *Bell v. Twombly* and *Ashcroft v. Iqbal* opinions." *Id.* at 203.

In deciding a Rule 12(b)(6) motion, a court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough

specificity "to raise a right to relief above the speculative level," *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, but the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

"Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 358 F.3d at 573. Moreover, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

## Analysis

Plaintiff alleges in his Original Petition that wind and hail caused severe damage to the Property, including extensive damage to the roof. Pet. 3 ¶ 11. (ECF No. 1-1). Plaintiff alleges that he submitted a claim to Metropolitan Lloyds for damages sustained as a result of the May 28, 2017 storm, but that Metropolitan Lloyds ultimately denied the claim. *Id.* at 3 ¶ 15. With respect to Thomas, Plaintiff specifically alleges:

> The adjuster was improperly trained and failed to perform a thorough investigation of the claim spending an inadequate amount of time inspecting Plaintiff's property. The adjuster conducted a substandard inspection of Plaintiff's Property evidenced by the adjuster's report, which failed to include all of Plaintiff's storm damages noted upon inspection. The damages the adjuster included in the report were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained.

*Id.* at 3 ¶ 13. Plaintiff further alleges Thomas "performed an outcome oriented and unreasonable investigation of Plaintiff's damages[;]" in particular:

> Thomas did not properly assess all damages caused by the Storm and omitted covered damages from the report including the full extent of damage to the roof. Thomas refused to fully compensate Plaintiff for the full amount Plaintiff is entitled under the Policy. The outcome oriented investigation of Plaintiff's claim resulted in a biased evaluation of Plaintiff's damages to the Property and the estimated damages were severely underestimated.

*Id.* at 7, ¶ 32. Plaintiff contends Thomas's conduct violates numerous provisions of the Texas Insurance Code, including Section 541.060(a)(1), (a)(2)(A), (a)(3), (a)(4), and (a)(7).

Judged against the relevant legal standards, the Court determines that Plaintiff's Petition alleges sufficient facts to find a reasonable basis to predict Plaintiff can potentially recover on his claim against Thomas for engaging in unfair settlement practices under Section 541.060(a)(2)(A). *See Martinez v. State Farm Lloyds*, 2016 WL 4427489, at *2 (N.D. Tex. Aug. 22, 2016) (Lynn, C. J.) (concluding that an insurance adjuster may be held personally liable for engaging in unfair settlement practices under Section 541.060(a)(2)); *Gibson v. Liberty Ins. Corp.,* 2017 WL 3268028, at *9 (N.D. Tex. July 31, 2017) (Boyle, J.) (concluding that an adjuster may be personally liable under Section 541.060(a)(2)). Although there is a split in authority regarding the scope of an insurance adjuster's liability under the Texas Insurance Code, *see, e.g., Messersmith v. Nationwide Mut. Fire Ins. Co.,* 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014) (Solis, J.) (holding that an insurance adjuster cannot be liable under Section 541.060(a)(2)), this split must be resolved in favor of remand because "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Mehar Holdings, LLC v. Evanston Ins. Co.*, 2016 WL 5957681, at *4 (W.D. Tex. Oct. 14, 2016) (quoting *Hood ex rel. Mississippi v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013)); *see also Cruz v. State Farm Lloyds*, 2017 WL 6447200, at *3 (N.D. Tex. Dec. 18, 2017).

Metropolitan Lloyds argues that, even assuming the legal viability of Plaintiff's claim against Thomas, Plaintiff's allegations are mere "boilerplate allegations," that cannot survive a Rule 12(b)(6) challenge. Construing the Original Petition in its entirety, however, the Court finds that Plaintiff's allegations are sufficient under the federal court pleading standard to state a claim against Thomas under Section 541.060(a)(2)(A) of the Texas Insurance Code. *See, e.g., Cruz*, 2017 WL 6447200, at *2 (remanding case to state court where petition included allegations that in-state adjuster's inspection was inadequate and that adjuster underestimated Plaintiff's damages, because such allegations were sufficient to state a claim against adjuster under Section 541.060(a)(2)(A)); *see also Avila v. Metro. Lloyds Ins. Co. of Tex.*, 2017 WL 1232529, at *12-13 (N.D. Tex. Feb. 21, 2017) (Horan, J.), *rec. adopted,* 2017 WL 1211339 (N.D. Tex. Apr. 3, 2017) (finding plaintiff pleaded sufficient facts to state a claim against in-state adjuster under Section 541.060(a)(2)(A), where plaintiff alleged adjuster omitted damages from his report, undervalued the cost of repairs to the property, and misrepresented to plaintiffs that certain damages were not covered, thus underpaying the claim); *Carlson v. State Farm Lloyds, Inc.*, 2015 WL 11120996, at *2 (N.D. Tex. Jan. 13, 2015) (Godbey, J.) (finding plaintiff pleaded sufficient facts to state a claim against in-state adjuster under state law where plaintiff pleaded that adjuster failed to conduct a reasonable investigation of the claim by, for example, refusing to retain a structural engineer).

Metropolitan Lloyds thus has not met its heavy burden of establishing that Plaintiff has no possibility of recovery against Thomas.

Because the Court finds that Plaintiff alleged sufficient facts to show there is a reasonable basis to predict that he might recover against Thomas under state law, Thomas was not improperly joined. Thomas's Texas citizenship thus destroys diversity jurisdiction, and this case must be remanded to state court.

## RECOMMENDATION

The District Court should GRANT Plaintiff Jeremy Haltom's Motion to Remand (ECF No. 12), and REMAND this case to the 116th District Court, Dallas County, Texas, from which it was removed.

SO RECOMMENDED.

June 4, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).